**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**LAMONT CLAYTON VANN,**
**ADC #108062**                                                                                        **PLAINTIFF**

**V.**                                          **5:11CV00146 JMM**

**RAY HOBBS, et al,**                                                                          **DEFENDANTS**

<u>**ORDER**</u>

Pending is Defendants' Motion in Limine (Docket #182) and Plaintiff's Motion in

Limine (Docket #183).  The Court makes the following rulings:

A.      <u>Defendants' Motion</u> seeking:

(1) to exclude any reference to Plaintiff's alleged cell conditions in other areas of the

Varner Supermax Unit, etc,- denied;

(2) to exclude any reference to Inmate Horace Martin- denied;

(3) to exclude testimony and/or documentary evidence regarding Plaintiff's alleged

fungal infection- denied;

(4) to exclude evidence and/or testimony regarding grievances filed about cell cleanliness

outside the December 9, 2010 through February 22, 2011 timeline- granted;

(5) to exclude evidence and/or testimony regarding the denial of showers as punishment-

granted;

(6) to exclude testimony and/or reference to inmate affidavits- the Court will rule on this

evidence at trial.

B.      <u>Plaintiff's Motion</u> seeking:

(1) to exclude any reference to the Court's prior rulings on Defendants' motions-

Defendants do not object to this request.

(2) to exclude any reference to Plaintiff's prior convictions and the prior convictions of Plaintiff's inmate witnesses- Defendants do not object to this request.

(3) to exclude any reference to Plaintiff's prior bad acts and the prior bad acts of any of Plaintiff's inmate witnesses- Defendants do not object to this request as it relates to any bad acts or disciplinaries received by Plaintiff prior to December, 2010.  However, Defendants may be allowed to inquire about such incidents if the door is opened by the Plaintiff.  The Court will rule on this evidence if it arises during trial.

(4) to exclude any reference to Defendants' financial status and whether monetary damages would be paid by individual defendants or state- granted;

(5) to order the ADC to provide civilian clothes for the Plaintiff and his inmate witnesses-denied.  Plaintiff may wear civilian clothes but the Defendant is not obligated to provide the clothes for him.

In conclusion, Defendants' Motion in Limine (Docket #182) is GRANTED IN PART AND DENIED IN PART.   Plaintiff's Motion in Limine (Docket #183) is GRANTED IN PART AND DENIED IN PART.

IT IS SO ORDERED this 2nd day of May, 2013.


James M. Moody
United States District Judge